UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C. MAXEY,<br><br>        Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, and DOES 1-99,<br><br>        Defendants. | No. 2:15-cv-01243-GEB-EFB<br><br>**ORDER DENYING EX PARTE MOTION FOR INJUNCTIVE RELIEF AND TEMPORARY RESTRAINING ORDER** |

On June 11, 2015, Plaintiff, proceeding *in propria persona*, filed an ex parte motion for injunctive relief and a temporary restraining order ("TRO"), in which he seeks his "placement . . . in 'protective custody,'" and an order "compelling the United States to immediately suspend the government's state-sponsored torture . . . surveillance and Remote Neural Monitoring . . . involuntary human experimentation, human trafficking, slavery, and forced labor." (Pl.'s Mot. 13:6, 13:16-14:16, ECF No. 1.) Plaintiff also seeks in his motion an order of "mandatory forfeiture of public office, imprisonment, and fines" against "several public employees such as President Barak Obama, Governor Edmund G. Brown, Senator Barbara Boxer, Senator Dianne Feinstein, Representative[] Doris Matsui, Representative Ami Bera, State Attorney General Kamala D. Harris, Former District Attorney Jan Scully, District Attorney Ann Marie

1

Schubert and Sheriff Scott Jones." (Id. at 13:8-13.) This requested relief is based on Plaintiff's following allegations:

> The United States has fraudulently concealed the fact that as an infant, physicians with the United States Air Force (father's employer) surgically inserted "satellite microchip implant technology" into the Plaintiff's brain, eyes and body. Under anesthesia, an incision was made in the Plaintiff's scalp and a hole drilled in his skull. The microchip implant device was placed on the surface of the brain. From on, or about January 21, 1978, through the present time, the United States and State of California has subjected the Plaintiff to state-sponsored torture, electronic shock treatment, remote-delivered radiation and electronic signals laser beamed into the Plaintiff's head, body, arms, legs and groin. . . .
>
> . . . .
>
> The United States has conspired with county, state and federal law enforcement agencies [to] impose[] (24 hour a day) Remote Neural Monitoring, surveillance and observation of the Plaintiff's belongings, person and surroundings through the use of electronic listening devices, video recording, special imaging and every other means of tracking and monitoring the Plaintiff's every movements inside and outside of his residence.
>
> . . . .
>
> This Court failed to protect the Plaintiff from the accused Defendants' community-wide "witch hunt," death threats, physical violence, obstruction of justice, false arrest, false imprisonment, false conviction, assault with a deadly weapon, fraudulent concealment, public slander, public defamation of character, electromagnetic torture, unwarranted surveillance, harassment, coercion, intimidation and physical retaliation. . . .
>
> . . . Plaintiff's (estranged) family members . . . have secretly met with the Plaintiff's employers, friends and associates to defame, slander and fraudulently

2

>     misrepresent the Plaintiff . . . . In each
>     case, the Plaintiff was illegally terminated
>     from his employment.

(Id. at 9:12-22, 10:21-26, 12:1-26 (paragraph numbering omitted).)

To obtain injunctive relief, Plaintiff must demonstrate, *inter alia*, that "he is likely to succeed on the merits of his claim[s]." Fyock v. Sunnyvale, 779 F.3d 991, 995 (9th Cir. 2015). Here, Plaintiff cannot do so based on such inherently implausible and conclusory allegations. See Loop AI Labs, Inc. v. Gatti, No. 15-cv-00798-HSG, 2015 WL 1090180, at *3 (N.D. Cal. Mar. 12, 2015) ("Conclusory allegations alone are not sufficient to demonstrate a likelihood of success on the merits."); accord Solomon v. Aurora Loan Servs., LLC, No. 2:12-00209 WBS KJN, 2012 WL 4747151, at *6 (E.D. Cal. Oct. 3, 2012). Accordingly, Plaintiff's motion for injunctive relief and/or a temporary restraining order is DENIED.

Dated: June 11, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge